tional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Lerma contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Lerma properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, and that he raises it here only to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Julio Ramirez–Lopez raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julio RAMIREZ–LOPEZ, also known as Sergio Gutierrez–Lopez, Defendant–Appellant.**

**No. 06–50758**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel Alejandro PENALOZA–RAMIREZ, Defendant–Appellant.**

**No. 06–50174**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 2006.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.